UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    02 CR 312 |
| vs. | ) | Judge Ruben Castillo |
| | ) | |
| LABS OF VIRGINIA, INC. | ) | |

**FILED**

JAN 2 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## GOVERNMENT'S AGREED MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT IN A CRIMINAL CASE

The United States of America, by its attorney, Patrick J. Fitzgerald, respectfully requests that this Court correct a clerical error pursuant to Federal Rule Criminal Procedure 36 in the Judgment in a Criminal Case as to defendant Labs of Virginia, Inc. In support of this motion, the government states as follows:

1. On December 15, 2004, this Court imposed sentence as to defendant Labs of Virginia, Inc. pursuant to the written Plea Agreement in the case. The Court ordered, as a part of defendant Labs's sentence, that Labs pay a fine of $500,000 and that the fine would be designated to the "Lacey Act Reward Account." The Court also ordered defendant Labs to pay to the United States of America the sum of $64,675.00 as full satisfaction of the allegations in a previously instituted a civil forfeiture proceeding captioned *United States v. Monkey Money: The Value of Monkeys Illegally Imported by Labs of Virginia, Inc., and Its Officers as Alleged in United States v. Labs of Virginia, Inc., et al., No. 02 CR 312 (N.D. Ill)*, No. 02 C 3833.

2. The Judgment in a Criminal Case as to defendant Labs, issued on December 15, 2004, provides as a part of the "Special instructions regarding the payment of criminal monetary penalties" section as follows:

Fine of $500,000 payable immediately as well as the forfeiture agreement by the parties in the amount of $64,675.00 to be designated for deposit into the "Lacey Act Reward Account."

Judgment at 4 ("Schedule of Payments"). A copy of the Judgment is attached to this motion.

3. The current Judgment does not reflect that the forfeiture sum should be deposited into a separate account from the Lacey Act Reward Account. Defendant Labs, at the government's request, prepared a check in the amount of $64,675.00 payable to the USMS [United States Marshal's Service] Seized Asset Management Account in full satisfaction of the forfeiture obligation. The government therefore requests that the Judgment be corrected so as to reflect that the $64,675.00 be deposited into the Seized Management Account. The government proposes the following modified language for the Judgment:

Fine of $500,000 payable immediately to be designated for deposit into the "Lacey Act Reward Account," and $64,675.00 payable immediately to be designated for deposit into the "USMS Seized Asset Management Account" in full satisfaction of the civil forfeiture proceeding.

4. Counsel for defendant Labs does not object to this request.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *Diane MacArthur*

DIANE MacARTHUR
Assistant U.S. Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5352

2

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

8-18-04
PLEA

USA

1998R00364
MacArthur

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS

UNITED STATES OF AMERICA
V.
Labs of Virginia, Inc.

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 02 CR 312-1

USM Number:

Michael L. Fayad
Defendant's Attorney

DEC 20 2004

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    Count One(1)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16 USC §§3372(d) and 3373(d)(3)(A)(i) | Submitted False Records and False Identification of Wildlife that had been Imported from a Foreign Country and Transported in Foreign Commerce. | 2/20/97 | One(1) |

The defendant is sentenced as provided in pages 2 through ____4____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  Two(2) - Four(4)    ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 15, 2004
Date of Imposition of Judgment

Signature of Judge

Honorable Ruben Castillo, U.S. District Court Judge
Name and Title of Judge

12/15/04
Date

DEFENDANT: Labs of Virginia, Inc.
CASE NUMBER: 02 CR 312-1

# PROBATION

The defendant is hereby sentenced to probation for a term of:
Two(2) year Probationary period for the Company.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Labs of Virginia, Inc.
CASE NUMBER: 02 CR 312-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**      | **Restitution** |
|--------|----------------|---------------|-----------------|
| **TOTALS** | $ 400.00    | $ 500,000.00  | $ N/A           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

**TOTALS**  $ _____  $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ■ the interest requirement is waived for the    ■ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Labs of Virginia, Inc.
CASE NUMBER: 02 CR 312-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ __500,000.00__ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

       Fine of $500,000.00 payable immediately as well as the forfeiture agreement by the parties in the amount of
       $64,675.00 to be designated for deposit into the "Lacey Act Reward Account."

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AFFIDAVIT BY FACSIMILE AND MAIL

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

Carol Bithos, being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 28th day of January, 2005 she faxed and deposited in the mail a copy of

**GOVERNMENT'S AGREED MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT IN A CRIMINAL CASE**

to the following named individual(s) on said date.

TO: Michael L. Fayed, Esq.
    800 Connecticut Ave., N.W.
    Suite 500
    Washington, D.C. 20006
    FAX: (202) 331-3101

*Carol Bithos*

SUBSCRIBED and SWORN TO BEFORE
me this 28th day of January, 2005

*Barbara J. Sims*
Notary Public

"OFFICIAL SEAL"
Barbara J. Sims
Notary Public, State of Illinois
My Commission Exp. 05/21/2005